MEMORANDUM *
Wu Chen, a native and citizen of China, petitions pro se for review of a decision of the Board of Immigration Appeals (“BIA”) summarily affirming an immigration judge’s (“IJ”) denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). Chen asserted past persecution and a fear of future persecution on account of his girlfriend’s underage pregnancy, which was in violation of China’s family planning policies. Without reaching the merits of Chen’s claim, the IJ denied relief on the ground that Chen’s testimony was not credible, and the BIA affirmed. We have jurisdiction under 8 U.S.C. § 1252.
When, as here, “the BIA adopts the decision of the IJ, we review the IJ’s decision as if it were that of the BIA.” Hoque v. Ashcroft, 367 F.3d 1190, 1194 (9th Cir.2004). We review for substantial evidence the BIA’s adverse credibility finding, and will uphold the agency’s decision unless the evidence compels a contrary conclusion. Singh v. Ashcroft, 362 F.3d 1164, 1168 (9th Cir.2004). “While the substantial evidence standard demands deference to the IJ, we do not accept blindly an IJ’s conclusion that a petitioner is not credible. Rather, we examine the record to see whether substantial evidence supports that conclusion and determine whether the reasoning employed by the IJ is fatally flawed.” Gui v. INS, 280 F.3d 1217, 1225 (9th Cir.2002) (internal quotation marks and alterations omitted). We grant the petition for review.
Substantial evidence does not support the IJ’s adverse credibility determination. To the extent that the IJ based her adverse credibility determination on Chen’s demeanor, she failed to refer specifically and cogently to the non-credible aspects of his demeanor. See Arulampalam v. Ashcroft, 353 F.3d 679, 686 (9th Cir.2003). The IJ’s findings that Chen was vague as to which authorities fined him for violating the one-child policy, that his statement that he was not given immigration paperwork on the airplane prior to its landing in Paris was implausible, and that he testified inconsistently regarding his use of forged passports, are not supported because Chen testified consistently with regard to those issues and nothing in the record refutes his testimony. See Paramasamy v. Ashcroft, 295 F.3d 1047, 1052-54 (9th Cir.2002).
Inconsistencies in Chen’s descriptions of his marital status are explained by the illegality of his underage marriage in China. Variances in his stated age were explained by the Chinese method of calculating age, and were immaterial in any event because all of the stated ages were below the age at which Chen’s marriage would have been legal. The IJ improperly relied on speculation and conjecture when she found that Chen’s inability to remember certain details of his journey to the United States was inconsistent with his level of sophistication. See Kaur v. Ashcroft, 379 F.3d 876, 887 (9th Cir.2004). Finally, in the remaining findings *280 the IJ impermissibly relied upon minor inconsistencies that did not go to the heart of Chen’s claim, see Garrovillas v. INS, 156 F.3d 1010, 1014 (9th Cir.1998), or inconsistencies that Chen was not given a reasonable opportunity to explain, see Chen v. Ashcroft, 362 F.3d 611, 618 (9th Cir.2004).[1]
Accordingly, we grant the petition for review and remand to the BIA for further proceedings consistent with this disposition. See INS v. Ventura, 537 U.S. 12, 16-17, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).
PETITION FOR REVIEW GRANTED; REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. Section 101(a)(3) of the REAL ID Act of 2005 eliminates the requirement that a basis for an adverse credibility finding must go to the heart of an immigrant's claim of persecution. 8 U.S.C. § 1158(b)(l)(B)(iii). Because Chen filed his application for relief before May 11, 2005, this provision does not apply. See In Re S-B-, 24 I. & N. Dec. 42 (BIA 2006).